Case number 20-1121, Sierra Club et al, petitioners versus Environmental Protection Agency and Michael S. Reagan, Administrator, U.S. Environmental Protection Agency. Mr. Johnson for the petitioners, Ms. Greenfield for the respondents, Mr. Strait for the interviewers. Morning, Council. Mr. Johnson, please proceed when you're ready. Thank you. Good morning. Seth Johnson for petitioners. I reserve three minutes for rebuttal. I regret I'm not able to be there in person. I appreciate your flexibility and particularly the Court's staff for accommodating this last-minute need for the change in circumstances, I guess. In 2018, this Court vacated a portion of a national EPA rule implementing ozone standards because that portion illegally allowed weaker clean air protections. EPA responded in the challenged actions, but rather than actually amend the text of its remaining regulations, effectively invented a new regulation to again allow it to weaken clean air protections. Here, we're challenging EPA's claim that it has authority to terminate clean air anti-backsliding protections in a way it's binding national regulations concededly bar. After claiming this authority, EPA used it to weaken clean air protections in Dallas and Houston. These areas continue to violate ozone standards through today. As a result, even as EPA terminated clean air protections in the challenged actions and their predecessors, EPA has been slowly inching clean air protections back toward where they had been before EPA weakened them. EPA's actions delay key public health protections. I'd like to begin by addressing our central merits argument. EPA- Instead, could we begin with Venya, please? Sure. Let's start. Yeah, I think all three of us would like to hear about Venya first. Okay. So a principal conclusion of the challenged actions is that EPA has authority, new authority, to terminate anti-backsliding protections in any area by applying 7407D3E under a vote standard. That's a principal conclusion of the actions, as I said, and it's nationally applicable action that must be reviewed in this court. But the rule itself, the title of the rule, the title of the rules is all about Texas, Houston, Galveston. The rules themselves expressly say that nothing in this action has legal effects anywhere else. And the technical support documents, which is all about full of actual findings having to do with these two communities. That's it. Well, EPA did take some action that's regionally applicable, but all of that action flowed from- Let me just finish. And, you know, our responsibility here is all we do is look at the face. That's it. Under our case law, right? We just look at the document. And everything on the face of the document says it's locally applicable. Well, I disagree with that. In the action- I know you do, but I know you disagree, but why? Right on the face of the action, EPA made a sweeping claim of new authority that it concedes effectively overrides its national regulations. And right on the face of its action, it relied on this court's nationally applicable decision in South Coast II to make that claim. Again, right on the face of its actions, EPA did not expressly limit the scope of its claim. You're now focusing on the notwithstanding clause of the statute, right? You're now saying, okay, this is locally applicable, but it's based on a determination of nationwide scope or effect, right? That's the argument you're making now, correct? No, I'm still arguing that it's nationally applicable. We do argue in the alternative that even if it's regionally applicable, only regionally applicable, that EPA acted unlawfully and arbitrarily. Suppose I don't agree with you about the first point. I'd like you to focus on the one issue that I actually think is pretty intriguing in this case, which is your argument that we actually can review EPA's, the fact that EPA did not make the finding in the notwithstanding clause. It didn't do that. And your argument, as I understand it, is that we can review that as an arbitrary and capricious agency action, correct? That's correct. Just as Judge Silberman said in a concurring opinion. Okay, well, okay. But this is an issue the court has not decided, correct? That's correct, yes. So can I ask you to look at the statute itself? It's got two separate if clauses, right? It says, if such action is based on, and then it says, and if the administrator finds. So there's two things that have to happen. It has to be based on, and that EPA has to so find. In other words, the way the statute's structured with two if clauses connected by and, it clearly contemplates the possibility that you could have a locally applicable action that's based on a nationwide scope or effect that the agency chooses not to so find. And what I don't understand is how would we review that? What's the standard we would use to review that? It can't be that the action is based on a determination of nationwide scope or effect. It can't be that, right? So what is it? Well, as this court and other courts have held, the act has an overall design of centralizing review in this court of actions of nationwide importance. That provides a touchstone along with, you know, the- I understand that. Just help me with the language of the statute. It's got two if clauses connected by an and. And I understand what you're saying about the purpose of the statute, but this language seems awfully clear to me. So go back to my question. Let's assume that I agree with you that this action based on a determination of nationwide scope or effect. Let's accept that for the moment. What standard would the court use to evaluate the agency's failure to make the finding and publishing the finding? How would we do that? What would we say? The court, well, in this particular instance, you know, I'm going to divide the answer into two pieces here. First is just sort of the general principles of reviewability of administrative action, which put all of the presumptions in favor of reviewability here. This isn't an area traditionally- I accept that. Okay. Point accepted. The question is whether there is no meaningful standard drawn from the statute and the implementing regulations as this court has held in numerous cases by which the agent- by which the court could measure EPA's action against. And my point is the statute provides a measure. EPA has to provide some explanation of how its decision to or not to direct review to this court is consistent with the overall design of the statute to centralize review in this court of actions of nationwide importance. But the statute says, if the EPA makes such a find. Right. It doesn't require the EPA to make a finding one way or the other. It just says, if it makes the finding of national applicability, that suggests that it's free not to make such a- It may be free to not make a finding in particular cases. We asked for it to make the finding and it provided no explanation whatsoever of its refusal. This is classic agency action where it's just refusing a request. That's reviewable under an arbitrary and capricious standard, I think. If you ask whether the agency arbitrarily refused to find national scope, wouldn't that necessarily collapse the two prongs into one? No, I don't think it would. There are some- Statute, there's this odd structure to this. As Judge Tatel said, two things have to happen to trigger the notwithstanding clause. One is that the action must in fact be based  And the second is the agency has the power to force us to so find. We're reviewing whether or not they arbitrarily refused to make a finding. We're necessarily reviewing whether or not the decision was nationwide in scope. I think for the question of- I think there's a different way of looking at this. And this is a way the agency has actually followed. What the if clause does, among other things, is it provides the agency discretion to take an action that's locally or regionally applicable, but make that the underlying determination apply throughout the whole country, even if it doesn't have to. It's done this in administrative actions. And that provides substantial independent meaning for the finding clause. And so I think it's, our reading just doesn't collapse them into one. The example of where the agency is- Sorry, walk me through that a little bit. I mean, the reasoning in the rule is either nationwide in scope or it isn't, right?  for refusing to make the finding. No, but your theory is the underlying rationale of the rule is nationwide in scope. And that proposition is so obvious that it would be arbitrary to include otherwise. Yes, that's our principle argument. But if the court disagrees with that, it could always remand to the agency provided no reasons whatsoever for refusing to make a finding. It's never disagreed. Oh, wait, is that right? As I read your comments before the agency, it was that, correct me if I'm wrong about this. I thought you said that EPA was required under the statute to make a based on finding if the determination was based on. And they responded to that by pointing out that there was a second clause to the statute. Isn't that right? No, I think they said, we didn't make the finding. They never said why they weren't making the finding. They just said, we're not making a finding here. But your argument was this is based on nationally applicable rule and therefore EPA has to make the finding. That's what I read your comment is saying. And EPA responded to that by saying, you're ignoring the second clause. It's just as if. Am I missing something? I mean, I disagree. We said there's no lawful or rational basis for it not to expressly find and publish that it's making a finding. It's making, it's basing this action on a determination of nationwide scope or effect. And then the agency, sorry. The agency just said, it said nowhere in the proposal or in this final action did EPA make a finding that the determination is based on a determination of nationwide scope or effect. And therefore the requirements of the statute haven't been met. That's at JA 18. It didn't provide any textual analysis anywhere to back itself up. It's just not providing any reasons for not making a finding it doesn't disagree with. Sorry, just epitomizes arbitrariness. Judge Katsas, you were asking me about sort of the mechanics of how the finding clause still has independent effect. Yeah, because I mean, the only standard, I can easily see a standard for doing this. The difficulty in your position is it's exactly the same standard we would use for reviewing the first clause. And that seems to collapse too. I mean, nationwide effect and the agency says nationwide effect. There are circumstances where the agency would not have to make a based on finding. I'd refer to 86 Fed Reg 13716. This is a real world example where the agency was asked to review a site specific permit. And it did that. And it said, you know what? We're not gonna object to this permit because we're interpreting the statute to say that certain requirements aren't applicable requirements. And in that particular action, the agency said, we like this interpretation so much. We think it's a really good interpretation. We want it to apply across the country. So that's a circumstance where the if clause is totally, you know, what the agency does has, it's not controlled by the statute. It has discretion to act or not to act. It had to provide a reasonable basis for making that decision. And, you know, I think that can be reviewed to see, under standard arbitrary and capricious principles. Is there actually something here that could be nationwide of nationwide scope and effect? Is the agency's explanation for why it's making this of nationwide scope and effect? Is that reasonable under the statute? It's just standard administrative law. And the agency didn't do anything like that here. And so, you know, I think that's a reviewable issue. And if the court agrees, either the court should just reverse it because the agency gave no, there's no other conclusion the agency could come to other than that it should find and publish that this is of nationwide scope and effect because of the, because. I don't understand the real world example that you use. I'm not familiar with that example offhand, but as I understand the context, what you're saying is there could be an administrative determination that otherwise wouldn't have nationwide scope or effect, but then the agency can decide that it wants it to have nationwide scope or effect. And so it certifies it as such. And therefore the second part of this second clause is given effect. But what about the situation in which, in which the underlying determination does have nationwide scope or effect? Then what is it, the statute, there's no standard to determine how the agency's exercising its authority under the second clause of this provision because it just piggybacks on the first clause and it has to have, the agency has to have some independent authority under the structure of the statute, not to make the finding that the action is based on a nationwide scope or effect, even if the finding in fact is. I mean, if the finding, if the finding may rest on some nationwide scope or some determination of nationwide scope or effect, I'm sorry, if the action may rest on some finding of nationwide scope or effect, I think the agency's obligation to make and publish a finding still serves a purpose. It provides an easy locus for judicial review. It clarifies what the agency is thinking. It makes it easier. And in a close question where it might be, it might not be, it gives the agency discretion to find that it's not. Here, I don't think we're in that situation, but the court doesn't have to reach that question here, even if the agency has some discretion over whether to make the finding in any given circumstance, it needs to provide reasons. It needs to provide reasons that are linked to the statute and here it didn't. And I think that necessitates a remake. Suppose all it said was in each case where it makes or doesn't make a determination like this, suppose all the agency said was in this case, in one case, we want a nationally, we want a binding, we want a DC circuit opinion because it'll be nationally applicable. And in other cases, they say, we're not ready for that. We still want to litigate this in the circuits. Is that enough? I think it would have to look back to, again, the underlying purpose of the statute. No, no. I'm just asking, I'm giving you the hypothetical. You think that wouldn't survive? In other words, if they said in this case, suppose the sentence they added was, this is still a relatively new regulation and we'd like to litigate this regionally for a while. We're not ready for a DC circuit decision that would apply nationwide under our regulation. That's the judgment they're making in enforcing this part of the act. Is that not enough? In some cases, that might be enough. I don't think that would be enough in this case, but in some cases it might. Well, what more would you want them to say? I think they would need to, I think it would depend on the particular case. Here, I think they would need to explain how what they're doing is consistent with their regional consistency regulations and is consistent with the centralizing design of the act. I think they would need to provide some sort of explanation that's consistent with the statute. One more question along these lines, which is, let's distinguish what may be two different agency actions here. One is revoking the backsliding rules for Dallas and Houston. And that's final agency action. That's reviewable. That will be reviewed one way or the other. But what we're talking about here for purposes of venue is simply the agency's refusal to make this certification of nationwide scope. Now, why is that final agency action? I mean, normally final agency action has to have some concrete effect on the parties. And here, the only consequence of that determination is to determine whether you get review in this court or in the Fifth Circuit. Well, I mean, it certainly is an agency action. I think the question is- Definitiveness, it has some element of tangible impact on the regulated party. That's an interesting question, Your Honor. It's obviously not one that came up in the briefing. But it sort of goes to venue, right? You're asking us to review what may not be a final agency action here. I mean, the agency put it as part of the final action. I think a venue determination may have impacts on, you know, a case outcome which may have legal impacts, but I- Yeah, I don't know of any cases one way or the other. It may be a question of first impression. Thanks. I'm not aware. Well, we will give you some time for rebuttal, Mr. Johnson. We'll give you back the time you asked for, but let me make sure my colleagues don't have additional questions for you at this time. Thank you. Maybe we'll hear from agency counsel now. Thank you, Mr. Johnson. Ms. Greenfield. May it please the court. My name is Megan Greenfield, and I'm here on behalf of EPA. I'll be sharing four minutes of my time this morning with Aaron Street for the intervenors. Petition for review should be dismissed because venue is proper in the Fifth Circuit, not here. This court held in ARPA that the venue that SIP approval actions like the ones at issue here are prototypical locally or regionally applicable actions that are reviewable in the regional courts of appeals. Further confirming that the actions here are regionally applicable, the face of the actions has direct legal consequences only for the Houston and Dallas areas. Can I just start with the first part of what you said, which is that this is essentially a SIP approval? Because I didn't read your brief to be relying on that because I was gonna ask you some questions about that, but do you think that everything that's being done here is a SIP approval or maybe a SIP modification? That's a complicated question. It's certainly the case that certain aspects of this action are actions under 42 USC 7410, which is the SIP approval aspect of the act. That includes, for example, the approval of the maintenance plan and also the removal of the anti-backsliding requirements. So we think that those are partial of SIP approval actions. And so they fall within 42 USC 7607B1's express statement and presumption that they're reviewable in the regional circuits. What else is there? So what is arguably outside of that? So I think there are other aspects of that. And to be candid, it wasn't fully briefed and developed in the record here what precisely those authorities were, but I can provide further briefing to the court or a 28-J letter on that issue. But I'm just wondering, does the agency, without going into post-argument briefing or anything, for present purposes, does the agency think that the language of the statute that speaks specifically in terms of SIP approvals governs this entire case? It governs venue for this action? Yes. Yeah, venue for this action. For both of these, for both Houston and Dallas, you think that the first part of the statute, it's clear because it has to be regionally or locally applicable because the statute itself says that SIP approvals are regionally or locally applicable. Right, it creates a presumption that they are, and these are those. Yes, that's correct. Why does it just create a presumption? Isn't it more than a presumption, or am I wrong about that? I think that there are some times there are SIP actions taken under 7410 which are nationally applicable, and those include actions where EPA bundles together many, many different actions for different states. Sometimes those are considered nationally applicable, but here, where we're speaking to just two specific areas, there's no question that they're regionally applicable. Okay. The petitioners argue- Can I ask you about the argument we were discussing with your opponent there about your position that under the notwithstanding clause, the agency's decision regarding nationally applicable is unreviewable, right? Right, we think that the Fifth Circuit and the Texas v. EPA case got it right, and that it's committed to agency discretion by law. So let me just ask you two things. Is it unreviewable? Let's assume we got a case, two different kinds of cases, case like a case where the agency says nothing, or a case where it says it is national, it makes the finding. Are both, is that not reviewable either? This is where I get, there's a difference there. I think if EPA makes a finding that's nationally applicable, then that is reviewable. But EPA's decision not to make a finding is unreviewable. It makes the, but we're not really reviewing whether or not they made the finding. We're reviewing whether the finding is arbitrary and capricious, right? Right, in that case you're- Because of the first prong of- Absolutely, you're not- First half of the second, the notwithstanding clause. Right, you're not reviewing the administrator's decision to make the finding so much as the finding itself. Well, not the finding, it's the, so in a case in which, in answer to your question, I thought what you said was in a situation in which the action at issue is based on a determination nationwide scope or effect, and the administrator so finds and publishes. And what would be reviewed, would it be the agency's finding, or would it be whether the action is based on a determination of nationwide scope or effect? Whether it's based on a determination of nationwide scope or effect. Right, so there's no daylight between whether the action, in fact, is based on a determination nationwide scope or effect, and the agency's finding to that extent. What's going to be reviewed is the underlying substantive question of whether the action, in fact, is based on a determination nationwide scope or effect. And of course, the agency's going to have an argument as to why it is, having made the finding, and that argument would have to be taken cognizance of. But I didn't understand your argument to mean that there would be two different things that would be reviewed. There'd be one, which is the underlying question of whether the action, in fact, was based on a determination of nationwide scope or effect. That's correct. So here, the agency was asked to make a finding, and it didn't, correct? That's correct. So why, explain to me then the difference between that and a situation where it makes the finding, and it makes a negative finding on its own? So- Or would it never do that? No, the agency's practice is not to make affirmative negative findings that are part of the record. Okay, just in other words, the agency either remains silent or it makes an affirmative finding, right? That has been the practice. That's been the practice. Right. I see. That's correct. I see. Suppose I don't think this is analogous to prosecutorial decisions. Do you have any other analogies of other actions that courts have found to be unreviewable that would fit this case? I don't- I mean, this doesn't sound like prosecutorial decision to me. I can see that it is different than prosecutorial discretion, but there aren't criteria in the statute that direct, or that a court could review in determining whether or not the administrator made a good decision to find and publish the finding. And the way the agency has viewed that clause is it allows the agency discretion to determine when it feels that the action is, or looking it's going to have a nationwide effect and wants to direct to the DTC Circuit when it's really making a nationwide policy. Suppose you have a case where, I realize this is not this case, but you'd say this is unreviewable, period. Suppose you have a case where there's a pattern, and it's totally clear that the EPA is acting arbitrarily. I mean, for example, suppose there's evidence that they're making the finding in red states, but not blue states. Not reviewable? So I think that the answer is that the decision not made finding is unreviewable. I think there's a separate question about whether or not the action itself is nationally applicable. I mean, that is clear that it directs it to this court. Wait, I lost that. So suppose there's 10 cases around the country. We all agree it's based on a nationally applicable standard, but they're only making the findings in blue states and not red states. I think that would be obviously a much harder case than this one, but I think there too, it is unreviewable because there aren't criteria in the statute for the court to examine in determining whether or not the agency made the right call in finding and publishing the determination. And here, just for background, I think it's important to understand why the agency acted the way it did here. So shortly after the 2015 ozone rule was published, EPA took two actions, applying the redesignation substitute mechanism that was for Dallas and for Houston. And once this court's decision in South Coast II came down and vacated the redesignation substitute mechanism, it became clear that those actions were fatally flawed. And so EPA wanted to expeditiously address and replace those fatally flawed actions. And that's why it took the action it did here first before undertaking a national rulemaking. So to your earlier question, there's no question at all that here, the agency was acting reasonably in taking these regionally applicable actions. Well, it was taking the same action that it took before our decision in South Coast II. It's just that after the decision in South Coast II, the agency decided that it couldn't rely on the same rationale, so it had to redo the rationale. But in other words, the scope of the decision isn't any different than the scope of the decision that was made and that's now pending before the Fifth Circuit. That's absolutely correct. It just displaced that other decision. Just replaced those regionally applicable actions which were challenged in the Fifth Circuit? That's correct. So the agency's action here was based on a new supplemented record so that it's more fulsome and reflects the criteria in South Coast II. Can I ask a question about reviewability? So the statute says that what the agency can do is that the agency can find and publish that such action is based on a determination. If the agency finds it, but doesn't publish it, it wouldn't be... Can the agency make the decision, in other words, to make the finding, but not to publish it in order to assure that the review of something that does have nationwide scope or effect would only be reviewed, would be reviewed in a different circuit? I think that those two, the find and publish, have distinct meaning. That's the Lion Oil case out of the Eighth Circuit and their EPA had made a decision that was relevant to a specific facility and it made the finding, it made the affirmative finding, this has nationwide scope or effect, but it failed to publish it. It only gave it to that individual. And so it didn't publish it in the federal register or otherwise publicize it. And the Eighth Circuit said, no, this is not, venue's not proper in the D.C. Circuit. You didn't meet the criteria of the statute because you didn't both find and publish the action. Here, there's no question that the EPA's actions would be published because they're required to be published in the federal register. So- Is there a reason that the agency would find, but not publish? I mean, was that in the Eighth Circuit, was that kind of a mistake? It was a mistake, yes. And we asked in the Eighth Circuit, can we please have a second chance and correct it? And they declined. And that was the question. Another hypothetical. Suppose we agree with you about venue. We could either transfer the case or dismiss the case. Does that make a difference from EPA's point of view? So it doesn't make a difference here. There is a protected petition in the Fifth Circuit. So you don't need to go through the trouble of transferring. You can just dismiss and then the Fifth Circuit litigation can begin. That was a hypothetical. If you have no further questions, I ask that the petition for review be dismissed. Thank you, Ms. Greenfield. Mr. Street. Thank you, Your Honor. May it please the Court, I'll be very brief on the venue point with two quick points. And the first is just that the way I look at this question is, how would the review that's advocated by petitioners be any different if the first if clause was the only clause in the statute? I don't think they've satisfactorily answered this Court's questions on that. That's precisely what the Fifth Circuit said in Texas versus EPA, quoting from the quote on page seven of our brief. Here at club, reading gives no independent meaning to the text conditioning venue on whether the administrator finds and publishes a nationwide determination. Second and final point, of course, subject to this Court's questions. I think the argument that the EPA has not given reasons for failing to make a finding illustrates this superfluity point because the EPA did give a lot of reasons about why this rule was not based on a determination of nationwide scope. And those are the same reasons that it would give about why it did not make the findings. So when petitioners saying it hasn't given reasons for failing to make the finding, because those are the same reasons it gave at JA 17 and 18 for why this was not rule of nationwide scope or determination. But did you think that those went to whether it's a determination, that there is a determination nationwide scope or effect, what's on 17 or 18, or did it go to whether the action is nationally applicable? I think it went to both. I think that's the fair rating of what. No further questions. We'll join in asking that the petitions be transferred. Thank you, Mr. Shriek. Mr. Johnson, you'd ask for three minutes for rebuttal. We'll give you that. Thank you, Your Honor. I appreciate it. I think the Court's questions illustrate that there are potential illegal or arbitrary bases for not making and publishing a finding that the Court could adequately review. And that shows that this is not an unreviewable decision. EPA never argued that it wasn't relying on determinations of nationwide scope and effect. Council just now said, oh, I think the national applicability arguments apply here too. Dalton Trucking says that those are different findings, different tests. I want to reiterate also that this is a very unusual case. As Ms. Greenfield acknowledged, EPA here was acting in response to South Coast II, a decision of this Court reviewing a nationally applicable rule. The scope of the decision, as Ms. Greenfield said, is no different than it was before. Before, in South Coast II, EPA had made a decision of, sorry, South Coast II was reviewing a decision of nationwide, nationally applicable. And so when EPA is responding to it, it's doing the same thing, similar to what happened in Producers United. I thought what she was saying was that it's no different from the original action in the Fifth Circuit, the Down, is it Downridders? I don't know the name of it, but the one that was brought in the Fifth Circuit on the theory that that was regionally, or locally applicable. And I thought the argument that was that this is just displacing that one. So this one too is regionally or locally applicable. The agency's actions here constituted also its response to South Coast II. It applied its response to South Coast II. It said, oh, our regulation has been vacated. Here's what we think we can do in response to it. And we are applying this where we had previously applied it in Dallas and Houston. And South Coast II has to apply nationally. EPA's interpretation of what South Coast II also has to apply nationally. That's under its regional consistency regulations. EPA has here concedes that it's acting contrary to its currently, if in effect, unamended national regulations. It's effectively overriding or amending them. That must be nationally applicable. Certainly it must be a determination of nationwide scope or effect. One that EPA has never given any reasons for not making. In my remaining time, I just wanna make two quick points. I would ask for transfer. We filed a petition for a protective petition. There's a little confusion about what day it was filed. We filed it on time. The Fifth Circuit logged it two days late. For simplicity's sake, I think if the court did choose to transfer or dismiss, transfer would be simpler and preserve our right to judicial review. I would also note that if the court dismisses or transfers, that confirms that EPA's binding national regulations remain fully in effect throughout the country, including in Dallas and Houston. And I think that's an important point also. If the court has no further questions, I'd ask for vacature. Thank you, counsel. Thank you to all counsel. We'll take this case under submission.
judges: Srinivasan, Tatel, Katsas